# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| GREG WALCZAK | : | CIVIL ACTION |
| v. | : | |
| ASPEN CONSTRUCTION SERVICES, INC. and KRIS KACZMARCZYK | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| | | |
|---|---|---|
| June 8, 2018 | _[signature]_ | Frank P. Spada, Jr. |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| (215) 887-0200 | (215) 884-3500 | fspada@sogtlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 4425 Edgemont Street, Philadelphia, PA 19137

Address of Defendant: 2136 Haworth Street, Philadelphia, PA 19124

Place of Accident, Incident or Transaction: 2136 Haworth Street, Philadelphia, PA 19124

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/08/2018 _____ /s/ _____ 48331/322817
*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
    *(Please specify):* FLSA 29 USC Section 201, et seq.

**B.  Diversity Jurisdiction Cases:**

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 06/08/2018 _____ /s/ _____ 48331/322817
*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GREG WALCZAK

**DEFENDANTS**
ASPEN CONSTRUCTION SERVICES, INC. and KRIS KACZMARCZYK

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Frank P. Spada, Jr., Esquire and Joseph W. Fluehr, Esquire
Semanoff Ormsby Greenberg & Torchia, LLC
2617 Huntingdon Pike, Huntingdon Valley, PA 19006 (215) 887-0200

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
FLSA 29 U.S.C. Section 201, et seq.
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 50,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 06/08/2018
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREG WALCZAK<br>       Plaintiff,<br><br>v.<br><br>ASPEN CONSTRUCTION SERVICES, INC.<br><br>and<br><br>KRIS KACZMARCZYK<br>       Defendants. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff, Greg Walczak ("**Plaintiff**" or "**Walczak**"), by and through his undersigned counsel, brings this lawsuit against Aspen Construction Services, Inc. ("**Aspen**") and Chris Kaczmarczyk ("**Kaczmarczyk**") seeking all available relief under the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201, et seq., the Pennsylvania Minimum Wage Act ("**PMWA**"), 43 P.S. § 333.101, et seq., and the Pennsylvania Wage Payment and Collection Law ("**PWPCL**"), 43 P.S. § 260.1, et seq.

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 28 U.S.C. § 1331.

2. Jurisdiction over the state law claims is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Greg Walczak resides at 4425 Edgemont Street, Philadelphia, PA 19137, and was employed by Defendant in its construction business between May 2017 through and including November 2017.

5. Defendant Aspen is a construction company that performs work in this jurisdiction and is headquartered at 2136 Haworth Street, Philadelphia, PA 19124.

6. Defendant Kaczmarczyk is the President of Aspen and is responsible for all construction activities and payments to employees for all work performed and is individually liable for failure to pay regular and overtime wages to Plaintiff for work he performed for Aspen.

## FACTS

7. Aspen is a construction company that provides masonry work on various projects, both commercial and residential. They provide brick, block, stucco, siding and roofing services for its clients.

8. Aspen employs various laborers and masonry workers in order to provide construction services on its projects.

9. Plaintiff worked for Aspen and was paid on an hourly basis.

10. All time records and information pertaining to hours worked and compensation owed to Plaintiff is maintained at Defendant's corporate headquarters.

11. All paychecks, pay stubs, IRS W-2 forms and other payroll documents are generated through ADP, LLC and Aspen's pay stubs for payment to Plaintiff reflect Aspen Construction Services as his employer.

12. Aspen performed services during Plaintiff's employment in a variety of locations in Pennsylvania and New Jersey, including Philadelphia.

13. Defendants have failed to compensate Plaintiff for overtime wages due from May 1, 2017 through September 23, 2017, and from September 25 through November 17, 2017.

14. Defendants have failed to compensate Plaintiff for regular wages due from September 25, 2017 through November 17, 2017.

15. In addition to wages due, Defendants have failed to reimburse Plaintiff for expenses incurred for tolls, gas and construction supplies purchased while Plaintiff was working for Aspen. All other employees are compensated for these expenses incurred during daily work.

### COUNT I - FLSA

16. Plaintiff incorporates the previous paragraphs as if fully set forth at length herein.

17. Plaintiff is an employee entitled to the FLSA's protection and Defendants are an employer required to follow FLSA mandates.

18. The FLSA requires Defendants to pay Plaintiff compensation calculated at 150% of their regular pay rate for all hours worked in excess of 40 hours per week.

19. Defendants violated the FLSA by failing to pay Plaintiff for all hours worked in excess of 40 hours in any work week.

20. In violating the FLSA, Defendants acted willfully and with reckless disregard of all clearly applicable FLSA provisions requiring payment.

### COUNT II- PMWA

21. Plaintiff incorporates the previous paragraphs as if fully set forth at length herein.

22. Plaintiff is an employee entitled to the PMWA's protections and Defendants are an employer required to follow the PMWA mandates.

23. The PMWA requires Defendants to pay Plaintiff compensation calculated at 150% of their regular pay rate for all hours worked in excess of 40 hours per week.

24. Defendants violated the PMWA by failing to pay Plaintiff compensation for all hours worked in excess of 40 hours per week.

25. In violating the PMWA, Defendants acted willfully and with reckless disregard of all clearly applicable PMWA provisions requiring payment.

## COUNT III – PWPCL

26. Plaintiff incorporates the previous paragraphs as if fully set forth at length herein.

27. Plaintiff is an employee entitled to the PWPCL's protections and Defendants are an employer required to follow the PWPCL mandates.

28. The PWPCL requires employees to be compensated for all hours worked.

29. Defendants violated the PWPCL by failing to pay Plaintiff for all hours worked and for the reimbursement of expenses provided to all employees.

30. In violating the PWPCL, Defendants acted willfully and with reckless disregard of all clearly applicable PWPCL provisions requiring payment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

A. Payment of all unpaid regular wages and overtime wages;

B. Liquidated damages, penalties and/or pre-judgment interest;

C. Attorneys' fees and costs; and

D. Any other relief that this Court deems just and proper.

Respectfully submitted,

SEMANOFF ORMSBY
  GREENBERG & TORCHIA, LLC

BY: _____
    FRANK P. SPADA, JR., ESQUIRE
    JOSEPH W. FLUEHR, ESQUIRE
    2617 Huntingdon Pike
    Huntingdon Valley, PA 19006
    (215) 887-0200 Telephone
    (215) 887-5356 Facsimile
    Email:    fspada@sogtlaw.com
                jfluehr@sogtlaw.com